UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
Christopher Jones,

                                  Plaintiff,       **ORDER**

      -against-                     Case No. 04-3967 (TLM)

Patrick Lantry et al.,

                                Defendants,
---------------------------------------------------------------- X

      Before the Court is plaintiff's Motion for a New Trial [Rec. Doc. 178] and defendants' Memorandum in Opposition thereto [Rec. Doc. 183]. For the reasons that follow, the Court will deny plaintiff's motion.

**I.     Procedural Background**

      Plaintiff Christopher Jones was arrested shortly after midnight on August 24, 2004 by Police Officer Patrick Lantry. This action stems from plaintiff's allegation that Officer Lantry and Police Officer Thomas Pisano subjected him to excessive force while he was in police custody in the hours after his arrest.

      A jury trial was conducted from September 12, 2011 to September 15, 2011. The jury returned a verdict in favor of defendants Patrick Lantry and Thomas Pisano and against plaintiff Christopher Jones. Plaintiff now moves the Court, pursuant to Rule 59 of the Federal Rules of Civil Procedure, to grant a new trial. Plaintiff argues that the jury's verdict was against the clear weight of the evidence.

**II.    Discussion**

      "A motion for a new trial ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Lightfoot v. Union Carbide Corp.,* 110 F.3d 898, 911 (2d Cir. 1997). None of the issues raised in

plaintiff's motion caused the jury to reach a seriously erroneous result or resulted in a miscarriage of justice, thus plaintiff's motion will be denied in its entirety.

First, plaintiff asserts that defendant Lantry's testimony about plaintiff's lack of injuries after his arrest is inconsistent because it contradicts plaintiff's own testimony that he had injuries after he was arrested. The jury credited the defendant's testimony over that of the plaintiff's testimony on the issue. The jury did exactly what a jury is supposed to, resolve a factual dispute. *See DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 134 (2d. Cir. 1998).

Second, plaintiff asserts that it was "extremely prejudicial" for defendants' attorney to have elicited testimony about plaintiff's criminal conviction. The Court overruled plaintiff's *relevance* objection on the record during trial because the plaintiff opened the door to this issue. *See* Trial Transcript, 68: 19-24, 183:8-25, 184:1-25, 185:1-16, 206:8 - 209:21. Plaintiff initiated all testimony about his criminal conviction during his direct examination of Officer Lantry. *See* Trial Transcript, 37:8-10, 40:6-12. In response to a question from plaintiff about whether or not plaintiff was prosecuted for robbery, Officer Lantry testified that plaintiff was prosecuted. *Id.* Subsequently, when plaintiff took the stand as a witness, on his own direct examination which the Court allowed to be in the narrative form, plaintiff stated that he was "proven innocent of those alleged incidents." *See* Trial Transcript, 68: 19-24. Defense counsel then elicited testimony about plaintiff's criminal convictions to correct plaintiff's testimony and to rehabilitate Officer Lantry's credibility. *See* Trial Transcript, 206:8 - 209:21. Plaintiff was convicted of second degree robbery. *See* Trial Transcript, 209:24-25, 210:1-25, 211:1-19. A party will not be prevented from presenting evidence to prove a specific fact where the opposing party, in his direct testimony, falsely stated such fact. *United States v. Beno*, 324 F.2d 582, 588 (2d Cir. 1963).

Third, plaintiff asserts that is was improper for the Court to reference the 10-year anniversary

of September 11th and that it was prejudicial for defendants' attorney to elicit testimony about defendant Lantry's current police assignment with the Joint Terrorism Task Force. The issue of September 11th, to the extent that plaintiff attempts to make it an issue, came up at the start of jury selection the day after the 10-year anniversary of September 11, 2001. Plaintiff's assertion that the Court's reference to September 11 and defendant Lantry's testimony has no basis in law and, other that each occurred, no basis in fact.

Fourth, plaintiff's assertion that defense counsel "placed improper pressure on the jury" when defendants Lantry and Pisano testified that they would have been incarcerated and have lost their jobs if they used force to arrest the plaintiff has no basis in law or in fact.

Fifth, plaintiff asserts that defense counsel improperly referred to plaintiff as a "liar" and as someone seeking "revenge" in his closing argument. These statements were not improper. The Court instructed the jury on several occasions that statements or arguments by a lawyer are not evidence. Closing arguments are not evidence and are intended only to assist the jury in understanding what the evidence has shown from that particular party's perspective. *See* Trial Transcript, 526: 8-15. The Court notes that plaintiff also accused the defendants of lying during his closing argument. *See* Trial Transcript, 523: 4-10.

Sixth, plaintiff complains that he had to wear "full prison garb" during his trial. The Court addressed this issue on the record when plaintiff raised the matter at the end of the first day of trial and the Court noted that it was harmless. *See* Trial Transcript, 118: 3-25. Plaintiff participated in jury selection without notifying the Court that he wished to wear civilian clothes. At the end of the first day of trial plaintiff raised the issue for the first time. The Court acknowledged that it issued a pre-trial order permitting plaintiff to wear civilian clothes but further explained that plaintiff should have notified the Court "at the beginning of the day" that he wanted to change into civilian clothes. *Id.* The

3

Court could not haven taken any action at the beginning of the day because it was unaware that plaintiff wanted to wear civilian clothes. As such, plaintiff failed to make a timely objection relating to wearing prison clothes. *United States v. Hurtado,* 47 F.3d 577 (2d Cir. 1995) (finding that the problem of prisoner's clothing could have been avoided if the prisoner objected prior to start of trial); *see United States v. Martin*, 964 F.2d 714, 719 (7th Cir. 1992) (finding that the party should have objected before any trial proceeding and not in the middle of the trial after the jury selection process and empaneling of the jury). Additionally, plaintiff alleges that he was prejudiced because he was handcuffed once in the view of one juror. The Court explained on the record that there would be no prejudicial effect because the jury already knew he was incarcerated due to the voir dire questions plaintiff asked the Court to ask during voir dire and which were in fact asked. The Court notes that the plaintiff said that he was satisfied with the Court's explanation on the issue. *See* Trial Transcript, 118: 3-25, 119: 1-25, 318:14-17, 319:2-6.

Seventh, plaintiff asserts that he was improperly badgered when defense counsel cross examined him and he claims that this "obviously wasn't a good look for them [the jury] to witness." Defense counsel did not improperly badger the witness as she merely attempted to refresh the plaintiff's memory of his previous written and oral statements which plaintiff claimed were inaccurate and he also disputed whether he ever made those statements. *See* Trial Transcript, 69-112. Under our adversarial system, it is not to be expected that cross examination of an opposing party will be friendly.

Lastly, plaintiff alleges that the verdict "was made in haste where as the jurors had somewhere else to be" because two jurors had potential scheduling conflicts. The Court addressed on the record the potential scheduling conflicts of the two jurors with the parties. *See* Trial Transcript, 578 - 82. The potential scheduling conflicts were not an issue as the Court ruled that if necessary, the jury would be released early on a day that one juror had a doctor's appointment. *Id.* Also, if the jury deliberation had

4

extended an additional day the parties had agreed with the Court's decision to release one juror for good cause from the eight-member jury because the juror that would have been excused had a airplane flight scheduled the next day. *Id.* It is therefore

**ORDERED** that plaintiff's Motion for a New Trial [Rec. Doc. 178] is DENIED as having no basis in fact or in law.

**SO ORDERED.**

_____
Tucker L. Melançon
United States District Judge

November 4, 2011
Brooklyn, NY